UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JORDAN LOPEZ** | **CIVIL ACTION NO. 2:14-cv-2231** |
| **VERSUS** | **JUDGE MINALDI** |
| **RAFAEL ESPARAZA, ET AL** | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM RULING**</u>

Before the court is a motion to remand [doc. 3] filed by plaintiff Jordan Lopez (hereinafter "plaintiff"). The motion is opposed by defendants Southern County Mutual Insurance Company and Rafael Esparaza d/b/a R&P Trucking (hereinafter collectively referred to as "defendants").

For the following reasons, plaintiff's motion to remand is **DENIED**.

*Background*

This action was originally filed by plaintiff on July 12, 2013, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc. 1, att. 4, pp. 2-5. In his petition plaintiff seeks recovery for injuries sustained in an automobile accident. *Id.* At paragraph 10 of his petition plaintiff alleged that his injuries did not exceed the amount necessary for a trial by jury. *Id.* at 4. On June 13, 2014, plaintiff filed a first supplemental and amending petition to amend paragraph 10 and allege that his damages exceeded the amount necessary for a trial by jury. *Id.* at 29-30.

On July 2, 2014, defendants removed the suit to this court alleging jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. Doc. 1. Defendants submit that the requirements

of diversity jurisdiction are satisfied because the judicial amount in controversy exceeds $75,000 and there exists complete diversity of citizenship between the parties. Doc. 1, pp. 2-3.

Plaintiff does not dispute that the judicial amount in controversy exceeds $75,000, nor does he dispute that complete diversity exists. Plaintiff argues that defendants' removal is procedurally defective because it was not timely filed pursuant to 28 U.S.C. § 1446(b)(3). Plaintiff seeks remand and an award of costs and attorney's fees incurred as a result of the removal.

*Law and Analysis*

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This thirty day period, however, "starts to run from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added). Here, in plaintiff's original petition he alleged at paragraph 10 that "at this time his damages do not exceed [the] jurisdictional amount necessary for a trial by jury." Doc. 1, att. 4, p. 4. Louisiana law provides that a trial by jury is not available in "[a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. Code Civ. Proc. Art. 1732. Thus, the

thirty day period was not triggered by the initial pleading because it did not affirmatively reveal that the amount in controversy exceeded $75,000. To the contrary, plaintiff's petition alleged that his damages did not exceed $50,000.

When, however, the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he information the supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Plaintiff suggests that defendants did not file timely under this provision.

Plaintiff argues that two separate demand letters sent to defendants put them on notice that the case was removable and defendants should have removed within thirty days of either one of the letters. The first letter was sent to defendants on February 28, 2014, and demanded an amount of $114,645.18 to settle the claim. Doc. 3, att. 2, pp. 1-4. Counsel for plaintiff set forth all plaintiff's medical expenses incurred as of that date which totaled $7,597.18 and calculated lost wages at $2,048.00. *Id.* The second demand letter was sent on May 30, 2014. Doc. 3, att. 4, pp. 4-16. This letter demanded an amount of $96, 645.18 to settle the claim. *Id.* Attached to the letter were additional chiropractic medical records that totaled $418.00 and a medical report prepared by the chiropractor. *Id.*

Plaintiff maintains that defendants should have removed within thirty days after receipt of either of these letters. He contends that removal after the filing of the amended petition was untimely.

Defendants argue that plaintiff's demand letters were "preposterously high" in light of plaintiff's medical treatment and were not a true reflection of the value of the case. They maintain that the letters were not an "other paper" because not every paper exchanged between counsel will start the running of the thirty day removal period. Citing the case of *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000), defendants recognize that a post-complaint demand letter can sometimes be considered an "other paper" from which removal is proper; however, they maintain that the letters in this case appear to be "shams." Defendants argue that when they considered plaintiff's petition which limited his recovery to less than $50,000, his medical records, total medical expenses, lost earnings, and responses to interrogatories[1], they had no basis to remove following the demand letters.[2]

What clarified the true amount in controversy, defendants argue, is plaintiff's amendment to his complaint alleging that his damages exceeded the amount necessary for a trial by jury coupled with the fact that the chiropractor's report indicated future medical damages for spinal care.[3]

The court agrees with defendants. By alleging in his original petition that his damages did not exceed the amount necessary for a jury trial, plaintiff was, in essence, limiting his claim and defendant's exposure to a maximum of $50,000, exclusive of costs and interest. Plaintiff should not benefit from tugging defendants in opposite directions; removal is not a guessing game. Defendants must be "unequivocally clear and certain" with respect to the judicial amount

---

[1] Defendants propounded an interrogatory which asked plaintiff whether the total damages sought exceeded the $50,000 threshold for a trial by jury. Defendants received a response on October 21, 2013, and after objecting to the interrogatory as premature plaintiff responded, "plaintiff admits at this time the total damages being sought does not exceed $50,000.00" Doc. 5, att. 1, pp. 3-4.

[2] This contention is supported by defendant's counteroffer to plaintiff in the amount of $16,000. *See* Doc. 3, att. 4, pp. 1-4.

[3] In the report dated May 20, 2014 the doctor recommended a "maintenance plan to ensure the body remains at optimal functional capacity." Doc. 3, att. 4, p. 15.

in controversy before removing the case to this court based on an "other paper." *Bosky, supra.* If defendants had removed following either of the demand letters the court most likely would have been faced with a motion to remand arguing that this court does not have jurisdiction because plaintiff's damages are limited based on the allegations of his original petition.

We further note that on June 30, 2014, following his amended petition but before removal, defendants asked and plaintiff refused to sign a stipulation which would have indicated that his damages did not exceed $75,000. Doc. 3, att. 5, p. 1.

We find that defendants' removal of this action within thirty days after receipt of the amended petition was timely. Plaintiff's affirmative act of amending the petition to state that his claim exceeded $50,000 together with the fact that plaintiff's chiropractor recommended future treatment and that plaintiff refused to stipulate that his damages did not exceed $75,000 are sufficient to satisfy the unequivocally clear and certain standard.

### *Conclusion*

For the foregoing reasons, plaintiffs' motion to remand and associated request for costs and attorney's fees [doc. 3] are hereby **DENIED**.

THUS DONE this 8th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE