UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JORDAN LOPEZ | : | DOCKET NO. 2:14-02231 |
| VS. | : | JUDGE TRIMBLE |
| RAFAEL ESPARZA D/B/A R & P TRUCKING, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING AND ORDER

Before the court is an "Objection to Magistrate Judge's Memorandum Ruling" (R. #13) filed by plaintiff, Jordan Lopez, wherein the mover argues that the Magistrate Judge incorrectly held that the Motion to Remand be denied. Jordan asks that this court conduct a review under Federal Rules of Civil Procedure Rule 72 and remand this case to state court.

As noted by the Honorable Judge James in Stewart v. Ruston Louisiana Hosp. Co., LLC,[1] the Fifth Circuit has not addressed the standard of review to be applied to a magistrate judge's ruling on a motion to remand. The undersigned will also adhere to this district's view that motions to remand are non-dispositive pretrial matters[2] and apply the clearly erroneous standard of review.

Plaintiff refers the court to two demand letters that he maintains defendants relied upon to ascertain that the case was removable. The first letter dated February 28, 2014[3] makes a demand for

---

[1] 2014 WL 4678606 (W.D. La. 2014).

[2] See e.g., Lonkowski v. R.J. Reynolds Tobacco Co., 1996 WL 888182, at *2-4 (W.D. La. Dec. 10, 1996); Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc., 844 F.Supp. 1156, 1162 (S.D. Tex. 1994); Bethay v. Ford Motor Co., 1999 WL 496488, at *1 (E.D. La. July 13, 1999).

[3] R. #3, exhibit A.

$114,645.18 plus court costs.

Defendants rely upon plaintiff's discovery responses from late October 2013 wherein plaintiff affirmed that his case was worth less than $50,000. Defendants acknowledge receipt of the February 28, 2014 demand letter, but notes that the letter revealed no new medical explanation for the inflation of value of plaintiff's case.[4] In other words, even though the demand letter increased the value of plaintiff's claims from under $50,000 to $144,645.18, such increase was supported by the exact same medical records and bills (totaling $7,157.18) that were available when plaintiff affirmed that his case was worth less than $50,000. Some time later on or about May 30, 2014, plaintiff's counsel advised of six (6) chiropractic visits[5] and a claim for future chiropractic care contained in the chiropractor's report. On June 13, 2014, plaintiff filed a first supplemental and amending petition alleging that his damages exceeded the amount necessary for a trial by jury ($50,000). Defendants removed the suit to this court on July 2, 2014.

When the initial pleadings do not provide clear grounds for removal, defendants may remove the action "within 30 days after receipt . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which has become removable."[6] "[T]he information supporting removal in a copy of an amended pleading, motion, or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the

---

[4] The demand letter revealed the same medical records and bills as those submitted in plaintiff's discovery responses.

[5] The total for these visits between February 14, 2014 and March 26, 2014 was $418.20.

[6] 28 U.S.C. § 1446(b)(3)(2013).

2

second paragraph of section 1446(b)."[7]

The court finds that the Magistrate Judge's findings and conclusions are not clearly erroneous and that defendants' removal of this suit was timely. Specifically, we find that there was not sufficient information provided to defendants that made it unequivocally clear and certain that plaintiff's case was removable until plaintiff filed the supplemental and amending petition on June 13, 2014.

**IT IS ORDERED** that the appeal of the Magistrate Judge's decision is **DENIED** and hereby **AFFIRM** the Memorandum Ruling.[8]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2014.

                                                          JAMES T. TRIMBLE, JR.
                                                          UNITED STATES DISTRICT JUDGE

---

[7] Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002).

[8] R. #12.